# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

THOMAS J. ROMANO,

    Plaintiff,

vs.

NEVADA DIVISION OF WATER RESOURCES,

    Defendant.

3:16-cv-00204-RCJ-WGC

**ORDER**

This case arises out of a water rights dispute. Pending before the Court is a Motion for Summary Judgment.

## I.    FACTS AND PROCEDURAL HISTORY

Plaintiff Thomas Romano alleges Defendant Nevada Division of Water Resources has improperly refused to recognize his right to use 82.62 acre feet of water to benefit certain land. Plaintiff appears to allege that the prior owner quitclaimed the water rights to him in 2010, but Defendant is allegedly of the position that it cancelled the rights in 2004 such that the thing quitclaimed was of no value. Plaintiff sued Defendant *in pro se* in this Court. Defendant answered. Plaintiff asked the Court to strike Defendant's affirmative defenses and to sanction Defendant for asserting them. The Court denied those motions and struck Plaintiff's Reply to the Answer, which was filed without leave. Plaintiff appealed that order and also asked the Court to

reconsider or clarify it. The Court declined to reconsider, and the Court of Appeals dismissed for lack of jurisdiction. Defendant has moved for summary judgment.

**II.  SUMMARY JUDGMENT STANDARDS**

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court uses a burden-shifting scheme. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citation and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.

If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.  Notably, facts are only viewed in the light most favorable to the nonmoving party where there is a genuine dispute about those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007).  That is, even if the underlying claim contains a reasonableness test, where a party's evidence is so clearly contradicted by the record as a whole that no reasonable jury could believe it, "a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

### III. ANALYSIS

Defendant asks the Court to grant defensive summary judgment based on immunity, claim preclusion, and on the merits.  The Court grants the motion for lack of subject-matter jurisdiction.

Plaintiff asserts only diversity jurisdiction under 28 U.S.C. § 1332. But for two independent reasons, there is no diversity jurisdiction in this case. First, if Plaintiff is a U.S. citizen residing abroad—and he confirmed at oral argument that he is—he is neither a resident of any state nor an alien for the purposes of diversity. *Brady v. Brown*, 51 F.3d 810, 815 (9th Cir. 1995). In the Complaint, Plaintiff alleged residence in China but did not allege his nationality. At oral argument, Plaintiff clarified that he was a citizen of both the United States and Italy and that he resided in China. Although the docket indicates Plaintiff changed his address to New Jersey, only citizenship at the time of filing matters under § 1332, *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570–71 (2004), and Plaintiff alleged residence in China at the time of filing. Plaintiff also claimed at oral argument that he continues to reside in China, although that does not matter. Plaintiff has affirmatively admitted he was a U.S. citizen residing abroad when this action was filed. Plaintiff's dual Italian citizenship does not change the result, because for the purposes of diversity, only his U.S. citizenship matters. *Mutuelles Unies v. Kroll & Linstrom*, 957 F.2d 707, 711 (9th Cir. 1992). Second, even if Plaintiff had been a resident of a U.S. state or a pure alien when he filed the lawsuit—neither of which Plaintiff alleges— Defendant cannot be a party to a diversity action because it is a state agency. *See Dep't of Fair Emp't & Hous. V. Lucent Techs., Inc.*, 642 U.S. 728, 737 (9th Cir. 2011).

Neither is jurisdiction supported under § 1331, even if Plaintiff were to invoke that statute. Defendant, an administrative arm of the State of Nevada, cannot be sued in federal court without its consent. U.S. Const., amend. XI; *Hans v. Louisiana*, 134 U.S. 1, 10–15 (1890); *NRDC v. Cal. Dep't of Trans.*, 96 F.3d 420, 421 (9th Cir. 1996) (citing *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 142–46 (1993)). The State of Nevada withheld its consent to suit in federal court when it made a limited waiver of immunity to suit in its own courts. *See* Nev. Rev. Stat. § 41.031. Although § 5 of the Fourteenth Amendment gave Congress

the power to abrogate the states' Eleventh Amendment protection, e.g., via 42 U.S.C. § 1983, as an arm of the State of Nevada, Defendant is not a "person" who can be sued under that statute. *E.g.*, *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 45) is GRANTED.

IT IS FURTHER ORDERED that the Motion for Sanctions (ECF No. 52), the Motion to Withdraw and Amend Admissions (ECF No. 53), and the Motion to Compel (ECF No. 54) are DENIED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

Dated this 23rd day of April, 2018.

_____
ROBERT C. JONES
United States District Judge